**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4664**

UNITED STATES OF AMERICA,

             Plaintiff — Appellee,

      v.

DAVID JACKSON,

             Defendant — Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Irene C. Berger, District Judge. (5:09-cr-00014-ICB-1)

Submitted: June 16, 2011          Decided: June 20, 2011

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Tracy Weese, Sheperdstown, West Virginia, for Appellant.  Louise Anna Forbes, Assistant United States Attorney, Charleston, West Virginia; Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, David Jackson pled guilty to distribution of cocaine base. The district court sentenced him to 151 months of imprisonment. Jackson's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether Jackson's sentence was reasonable in light of his request for a variance or a downward departure. Jackson was advised of his right to file a pro se supplemental brief, but has not done so. We affirm.

In fulfilling our duty under Anders, we have reviewed the guilty plea for any error, and find none. The district court fully complied with Fed. R. Crim. P. 11 in accepting Jackson's guilty plea. The court ensured that Jackson understood the charge against him and the potential sentence he faced, that he entered his plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm Jackson's conviction.

We have reviewed Jackson's sentence and determined that it was properly calculated and that the sentence imposed is reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The

2

district court followed the necessary procedural steps in sentencing Jackson, appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors in light of Jackson's individual characteristics and circumstances. The district court adequately explained its reasons for denying a variance, noting that Jackson had at least seven prior felony convictions and had sold drugs over the course of twenty years. We conclude that the district court did not abuse its discretion in imposing the chosen sentence. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within Guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED